ComUNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **NewRez LLC d/b/a Shellpoint Mortgage Servicing** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>220 Pierce Road, Brewer, ME 04412 |
| **Clifford R. Morneau** | Mortgage:<br>October 30, 2015<br>Book 14001, Page 70<br>Penobscot County Registry of Deeds |
| **Defendant** | |
| **United States of America through the Department of Treasury Internal Revenue Service**<br>**University Credit Union**<br>**TD Bank USA, NA**<br>**Maine Revenue Services**<br>**Scarlett Davis**<br>**United States of America through the Secretary of Housing & Urban Development** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Clifford R. Morneau, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in

controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.

2. This Court also has jurisdiction pursuant to 28 U.S.C.. §§ 1332 and 2410(a) *see, Bautista Cayman Asset Co., v. Asociacion De Membros De P.R.,* 17 F.4th 167, 171 (1st Cir. 2021).

3. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by NewRez LLC d/b/a Shellpoint Mortgage Servicing, in which, Clifford R. Morneau and Erica R. Morneau, are the obligors (however, this matter does not seek any personal liability of the part of Erica R. Morneau) and the total amount owed under the terms of the Note is Two Hundred Ninety-Five Thousand Five Hundred Ninety-Seven and 80/100 ($295,597.80) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

5. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

6. NewRez LLC d/b/a Shellpoint Mortgage Servicing is a Delaware Limited Liability Corporation with its principal place of business located at 55 Beattie Place, Suite 10, Mail Stop 005, Greenville, SC 29601.

7. NewRez LLC d/b/a Shellpoint Mortgage Servicing is a Delaware Limited Liability Company with the single member being Shellpoint Partners LLC, a Delaware Limited Liability company whose principal place of business 799 Broadway, Floor 8 Suite 825, New York, NY 10003.

8. Shellpoint Partners LLC is a Delaware Limited Liability Company with the two members being NRM Acquisition LLC and NRM Acquisition II LLC, Delaware Limited Liability companies whose principal place of business is 799 Broadway, Floor 8 Suite 825, New York, NY 10003. Both NRM Acquisition LLC and NRM Acquisition II LLC have the same single member of New Residential Mortgage LLC, a Delaware Limited Liability company whose principal place of business is 799 Broadway, Floor 8 Suite 825, New York, NY 10003.

9. New Residential Mortgage LLC has a single member of Rithm Capital Corp. a Delaware Corporation whose principal address is 799 Broadway, Floor 8, New York, NY 10003. Accordingly, the Plaintiff is a citizen of both Delaware and New York.

10. The Defendant, Clifford R. Morneau, is a resident of Brewer, County of Penobscot and State of Maine

11. The *de minimis* Party-in-Interest, United States of America through Department of Treasury - Internal Revenue Service is located at c/o Office of the U.S. Attorney General, 100 Middle Street, East Tower, 6th Floor, Portland, ME 04101 and Washington, D.C.

12. The Party-in-Interest, University Credit Union, is located at c/o Bruce B. Hochman, Esq., EATON PEABODY, One Portland Square, 7th Floor, PO Box 15235, Portland, ME 04112.

13. The *de minimis* Party-in-Interest, TD Bank USA, N.A., is a National Association with its main office located at 2035 Limestone Road, Wilmington, DE 19808.

14. The *de minimis* Party-in-Interest, Maine Revenue Services, is located at, Office of the Maine Attorney General, 6 State House Station, Augusta, ME 04333.

15. The *de minimis* Party-in-Interest, Scarlett Davis, is located at C/O Seth D Harrow, Esq, 23 Water St, Bangor, ME 04402.

16. The *de minimis* Party-in-Interest, the United States of America through the Secretary of Housing & Urban Development, is located at 451 Seventh Street, SW, Washington, DC 20410.

## FACTS

17. On October 30, 2015, by virtue of a Warranty Deed from Romeo Deschenes and Carlene Deschenes, which is recorded in the Penobscot County Registry of Deeds in **Book 14001, Page 69**, the property situated at 220 Pierce Road, City/Town of Brewer, County of Penobscot, and State of Maine, was conveyed to Clifford R. Morneau and Erica R. Morneau, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

18. On October 30, 2015, Clifford R. Morneau and Erica R. Morneau executed and delivered to Residential Mortgage Services, Inc. a certain Note under seal in the amount of $223,378.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

19. To secure said Note, on October 30, 2015, Clifford R. Morneau and Erica R. Morneau, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc, as nominee for Residential Mortgage Services, Inc., securing the property located at 220 Pierce Road, Brewer, ME 04412 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 14001**, **Page 70**. *See* Exhibit C (a true and correct copy of the

Mortgage is attached hereto and incorporated herein).

20. The Mortgage was then assigned to Ditech Financial LLC by virtue of an Assignment of Mortgage dated April 6, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14786**, **Page 38** (arguably ineffective under *Greenleaf*). *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

21. The Mortgage was then assigned to Government National Mortgage Association by virtue of an Assignment of Mortgage dated August 9, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14911**, **Page 333** (arguably ineffective under *Greenleaf*). *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

22. The Mortgage was further assigned to Government National Mortgage Association by virtue of a Quitclaim Assignment dated February 27, 2019 and recorded in the Penobscot County Registry of Deeds in **Book 15097**, **Page 161**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

23. The Mortgage was then assigned to Ditech Financial LLC by virtue of an Assignment of Mortgage dated May 16, 2019 and recorded in the Penobscot County Registry of Deeds in **Book 15158**, **Page 146**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and Incorporated herein).

24. The Mortgage was then assigned to NewRez LLC by virtue of an Assignment of Mortgage dated April 30, 2020 and recorded in the Penobscot County Registry of Deeds in **Book 15521, Page 162**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

25. On September 4, 2017, Clifford R. Morneau and Erica R. Morneau, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $235,851.35

(herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit I (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

24. On December 8, 2022, by virtue of a Quitclaim Deed from Erica R. Morenau, which is recorded in the Penobscot County Registry of Deeds in **Book 16706, Page 132**, the property situated at 220 Pierce Road, City/Town of Brewer, County of Penobscot, and State of Maine, was conveyed to Clifford R. Morneau. *See* Exhibit J (a true and correct copy of the Quitclaim Deed is attached hereto and incorporated herein).

25. Pursuant to an Abstract of Divorce Decree, dated March 24, 2023, and recorded in the Penobscot County Registry of Deeds in Book 16783, Page 289, Clifford R. Morneau was awarded the subject property as his sole right, title and interest in fee simple: and shall be solely responsible for the Mortgage, Insurance, taxes and any other encumbrances. *See* Exhibit K (A true and correct copy of the abstract of Divorce Decree is attached hereto and incorporated herein)

26. On July 20, 2023, Clifford R. Morneau, individually, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $278,123.81 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit L (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

27. On December 19, 2023, the Defendant, Clifford R. Morneau, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the USPS Report of Receipt (herein after referred to as the "Demand Letter").  *See* Exhibit M (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

28. The Demand Letter informed the Defendant, Clifford R. Morneau, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit N.

29. The Defendant, Clifford R. Morneau, failed to cure the default prior to the expiration of the Demand Letter.

30. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

31. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

32. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

33. United States of America through the Department of Treasury - Internal Revenue Service is a Party-in-Interest pursuant to a Notice of Federal Tax lien in the amount of $47,665.16 dated July 27, 2017, and recorded in the Penobscot County Registry of Deeds in **Book 14569**, **Page 287**, and a Notice of Federal Tax lien in the amount of $6,756.21 dated August 16, 2018, and recorded in the Penobscot County Registry of Deeds in **Book 14917**, **Page 313** and a Notice of Federal Tax lien in the amount of $17,107.89 dated October 1, 2019,

and recorded in the Penobscot County Registry of Deeds in **Book 15319**, **Page 278** and lastly an additional Notice of Federal Tax lien in the amount of $8,534.94, and recorded in the Penobscot County Registry of Deeds in **Book 16391**, **Page 48** and is in second, fourth, sixth, and eighth position behind Plaintiff's Mortgage.

34. University Credit Union is a Party-in-Interest pursuant to a Writ of Execution in the amount of $19,919.46 dated February 15, 2018, and recorded in the Penobscot County Registry of Deeds in **Book 14789**, **Page 180** and is in third position behind Plaintiff's Mortgage.

35. TD Bank USA, NA is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,924.32 dated June 12, 2019, and recorded in the Penobscot County Registry of Deeds in **Book 15185**, **Page 1** and is in fifth position behind Plaintiff's Mortgage.

36. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $7,591.54 dated September 30, 2020, and recorded in the Penobscot County Registry of Deeds in **Book 15727**, **Page 186** and is in seventh position behind Plaintiff's Mortgage.

37. Scarlett Davis is a Party-in-Interest pursuant to a Writ of Execution in the amount of $6,863.62 dated November 28, 2022, and recorded in the Penobscot County Registry of Deeds in **Book 16702**, **Page 210** and is in nineth position behind Plaintiff's Mortgage.

38. The Party-in-Interest, United States of America through the Secretary of Housing & Urban Development is a Party-in-Interest pursuant to a Junior Mortgage in the amount of $70,660.09 and recorded in the Penobscot County Registry of Deeds in Book 16903 Page 87 and is in tenth Position behind the Plaintiff's Mortgage.

39. The total debt owed under the Note and Mortgage as of March 12, 2024 is Two Hundred Ninety-Five Thousand Five Hundred Ninety-Seven and 80/100 ($295,597.80) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $278,123.81 |
| Interest | $12,156.72 |
| Escrow Deficiency | $3,211.46 |
| Attorney Fees & Costs | $1,977.32 |
| Mortgage Insurance | $128.49 |
| Grand Total | $295,597.80 |

40. Upon information and belief, the Defendant, Clifford R. Morneau, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

41. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 220 Pierce Road, Brewer, County of Penobscot, and State of Maine. *See* Exhibit A.

43. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the holder of the Note referenced in Paragraph 18 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, has the right to foreclosure and sale upon the subject property.

44. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

45. The Defendant, Clifford R. Morneau, is presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2023, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

46. The total debt owed under the Note and Mortgage as of March 12, 2024, is Two Hundred Ninety-Five Thousand Five Hundred Ninety-Seven and 80/100 ($295,597.80) Dollars.

47. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

48. By virtue of Clifford R. Morneau's breach of condition, the Plaintiff hereby demands a foreclosure and sale of said real estate.

49. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Clifford R. Morneau, on December 19, 2023, evidenced by the USPS Report of Receipt.  *See* Exhibit N.

50. The Defendant, Clifford R. Morneau, is not in the Military as evidenced by the attached Exhibit O.

51. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

52. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, repeats and re-alleges paragraphs 1 through 51as if fully set forth herein.

53. On October 30, 2015, Clifford R. Morneau, executed under seal and delivered to Residential Mortgage Services, Inc. a certain Note in the amount of $223,378.00.  *See* Exhibit B.

54. Clifford R. Morneau is in default for failure to properly tender the September 1, 2023 payment and all subsequent payments.  *See* Exhibit N.

55. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by Clifford R. Morneau.

56. Clifford R. Morneau, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

57. Clifford R. Morneau's breach is knowing, willful, and continuing.

58. Clifford R. Morneau's breach has caused Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

59. The total debt owed under the Note and Mortgage as of March 12, 2024, if no payments are made, is Two Hundred Ninety-Five Thousand Five Hundred Ninety-Seven and 80/100 ($295,597.80) Dollars.

60. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

61. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

62. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. By executing, under seal, and delivering the Note, Clifford R. Morneau and Erica R. Morneau, entered into a written contract with Residential Mortgage Services, Inc. who agreed to loan the amount of $223,378.00 to the Defendant. *See* Exhibit B.

64. As part of this contract and transaction, Clifford R. Morneau, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

65. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the proper holder of the Note and successor-in-interest to Residential Mortgage Services, Inc., and has performed its obligations under the Note and Mortgage.

66. The Defendant, Clifford R. Morneau, breached the terms of the Note and Mortgage by failing to properly tender the September 1, 2023 payment and all subsequent payments. *See* Exhibit N.

67. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by, Clifford R. Morneau and Erica R. Morneau.

68. The Defendant, Clifford R. Morneau, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

69. The Defendant, Clifford R. Morneau, is indebted to NewRez LLC d/b/a Shellpoint Mortgage Servicing in the sum of Two Hundred Ninety-Five Thousand Five Hundred Ninety-Seven and 80/100 ($295,597.80) Dollars, for money lent by the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing.

70. The Defendant, Clifford R. Morneau's, breach is knowing, willful, and continuing.

71. The Defendant, Clifford R. Morneau's, breach has caused Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

72. The total debt owed under the Note and Mortgage as of March 12, 2024, if no payments are made, is Two Hundred Ninety-Five Thousand Five Hundred Ninety-Seven and 80/100 ($295,597.80) Dollars.

73. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

74. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

75. The Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, repeats and re-alleges paragraphs 1 through 74 as if fully set forth herein.

76. Residential Mortgage Services, Inc., predecessor-in-interest to NewRez LLC d/b/a Shellpoint Mortgage Servicing, loaned Clifford R. Morneau and Erica R. Morneau, $223,378.00.  *See* Exhibit B.

77. The Defendant, Clifford R. Morneau, has failed to repay the loan obligation.

78. As a result, the Defendant, Clifford R. Morneau, has been unjustly enriched to the detriment of the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing as successor-in-interest to Residential Mortgage Services, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

79. As such, the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is entitled to relief.

80. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts owed and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, upon the expiration of the period of redemption;

d) Find that Clifford R. Morneau, is in breach of the Note by failing to make payment due as of September 1, 2023, and all subsequent payments;

e) Find that, Clifford R. Morneau, is in breach of the Mortgage by failing to make payment due as of September 1, 2023, and all subsequent payments;

f) Find that Clifford R. Morneau, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that, Clifford R. Morneau, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due September 1, 2023 and all subsequent payments;

h) Find that the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by Clifford R. Morneau has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, to restitution;

k) Find that Clifford R. Morneau, is liable to the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, for money had and received;

l) Find that, Clifford R. Morneau, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for, Clifford R. Morneau, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, is entitled to restitution for this benefit from, Clifford R. Morneau;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Clifford R. Morneau, and in favor of the Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing, in the amount of Two Hundred Ninety-Five Thousand Five Hundred Ninety-Seven and 80/100 ($295,597.80 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,

        NewRez LLC d/b/a Shellpoint Mortgage Servicing,

        By its attorneys,

Dated: March 28, 2024

        /s/Reneau J. Longoria, Esq.
        Reneau J. Longoria, Esq. Bar No. 005746
        Attorney for Plaintiff
        Doonan, Graves & Longoria, LLC
        100 Cummings Center, Suite 303C
        Beverly, MA 01915
        (978) 921-2670
        RJL@dgandl.com